EMIL J. WINTERROTH and Another, Doing Business under the Firm Name and Style of WINTERROTH & Co., Plaintiffs, *v.* SAMUEL SCHARGER, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, September 30, 1926.

Sales — conditional sales — action to foreclose lien under Municipal Court Code, § 70 — notice of application for warrant of seizure, under Municipal Court Code, § 72, as amended by Laws of 1926, chap. 692, should state time and place when application is to be made.

In an action to foreclose a lien in favor of a conditional sale vendor under section 70 of the Municipal Court Code, notice of an application for a warrant of seizure made under section 72 of the Municipal Court Code, as amended by chapter 692 of the Laws of 1926, should distinctly state the time and place where the application for a warrant of seizure is to be made.

APPLICATION by conditional vendor for warrant of seizure in action to foreclose a lien on a chattel under section 70 of the Municipal Court Code.

*November & Jaffe*, for the plaintiffs.

LAUER, J.    I am asked to sign a warrant of seizure in the present case.    In this case the action is one to foreclose a lien under section 70 of the Municipal Court Code.    The chattel, the seizure of which is asked, is a player piano.    In my opinion the papers presented fail to comply with section 72 of the Municipal Court Code as it was amended by chapter 692 of the Laws of 1926, which went into effect September first of this year.    The plaintiff evidently considered the papers a compliance with this section as amended. The amendment to section 72 provides that it must be shown " that five days' notice of *the* application has been given to the conditional vendee, lessee, or mortgagor," and that this notice must be " served in the manner provided for personal service of a summons."    The statement made in the affidavit submitted is " that on the 3d day of September, 1926, the defendant was duly served with *a* notice pursuant to article 4, section 72, as amended, of the New York City Municipal Court Code, apprising the said defendant that *an* application for the within warrant would be made after the expiration of five (5) days from the service thereof, and attached hereto is an affidavit of service thereof, together with the original notice."    The notice attached fails to show when the application would be made, but merely says that " after the expiration of five (5) days after service of this notice upon you " application " to the proper court for a warrant of seizure," etc., will be made.    No time and place are specified when the application would be made.

The amendment of the law as I read it contemplates a notice similar to a notice of motion; that is, at a definite time and place. The statute is specific.    It reads, " five days' notice of *the* application."

The application referred to is the application for the warrant of seizure.    I do not see how it can be said that a party has notice of the application for the warrant when he merely has notice that some time after the expiration of five days from the service of the notice an application would be made.

It is submitted on behalf of the applicant, if the views here expressed should prevail it would be entirely new procedure in the courts of this State, that in effect it would constitute a judge of the court a conciliator or mediator and that this procedure is wholly without the ordinary jurisdiction of a court, entailing a large volume of additional work, and that this procedure and this additional work were not within the contemplation of the Legislature.    I do not find any of these arguments convincing.

It may be true that the proceeding is somewhat of a novelty in judicial procedure since it contemplates bringing the prospective

defendant into court by notice prior to the institution of the action. If the Legislature, however, chose to enact such a procedure, I can see no objection to it. On the contrary, it is doubtless prompted by a desire to protect the purchaser of a contract of sale where the payments are to be made by installments from the harsh procedure of having his property taken from him without notice. The statute affords the installment buyer with an opportunity of coming in on the return day of the notice at the time when the application is made, for which purpose he must have notice when the application is made. He may then state to the court his reasons why a writ of seizure should not be issued for his property, and the court may and very likely will be enabled to provide him with the opportunity of making payment before the property is seized under the writ of seizure. I look upon this provision contained in the amendment passed by the last Legislature as wise and conducive to the best interests of both the purchaser and seller, except in some few instances where the seller desires unduly to apply a harsh remedy.

It is no reason why the court should hold this provision illegal or not within the contemplation of the Legislature, because the law entails additional labors upon the judges of this court. It is not the first time that the labors of the judges of this court have been increased by the Legislature. The greater part of the adjustment of disputes between landlords and tenants due to the shortage in housing was placed upon the judges of this court through the Emergency Rent Laws. It is a well-known fact that in recent years the volume of sales on the installment plan has largely increased. The number of articles that may now be purchased on the installment plan is very varied, and extends from articles of wearing apparel to automobiles. With the desire to afford some protection to the purchasers on the installment plan, this legislation was enacted, and so far as one is able to gather the intent of the Legislature in the enactment of legislation, it would seem eminently proper to make the notice of the application for the warrant an effective notice.

I have stated my reasons for denying the present application somewhat at length because of the many applications of a similar nature which are presented to the court. I know that the views which I have expressed are in a large measure the views of some of my associates who have given consideration to this subject.

The present application is denied, with leave to renew upon the service of a proper notice.