6 EAST NINETY-SEVENTH STREET COMPANY, INC., Plaintiff, *v.* RODERICK D. GRANT, Defendant.

Municipal Court of New York, Borough of Manhattan, Sixth District, March 12, 1935.

*Paskus, Gordon & Hyman,* for the plaintiff.

*Avery, Taussig & Fisk,* for the defendant.

WHALEN, J.   The summons in this case was served personally on the defendant on July 20, 1934, at No. 19 East Ninety-eighth street, or so the affidavit of service recites.   The plaintiff failed to file the summons with the clerk of this court within the three days' limitation provided by subdivision 3 of section 22 of the Municipal Court Code.   Thereafter, on July 25, 1934, an order was made by one of the justices of this court directing the filing of the summons *nunc pro tunc* as of July 23, 1934, and containing the following provision: " Ordered that defendant shall have five days after the service upon him of a copy of this order with notice of entry thereof for the filing of his answer herein and that no judgment shall be entered against the defendant herein except upon application to the court upon three days' notice to the defendant."

The above-quoted provision follows the language of subdivision 4 of section 22 of the Municipal Court Code, as amended by chapter 674 of the Laws of 1933, in effect September 1, 1933, as follows: " In such a case the answer shall be filed within five days after service of a copy of such order with notice of entry on the defendant and no judgment shall be entered against the defendant except

upon application to the court with three days' notice to the defendant."

The plaintiff now applies for judgment, and the affidavit upon which the application is based states that on July 25, 1934, a copy of the *nunc pro tunc* order with notice of entry thereof was served upon defendant by mailing a true copy thereof directed to the defendant at his last known place of residence, namely, 19 East Ninety-eighth street, in the borough of Manhattan, city of New York. Another affidavit states that a copy of the application for judgment was mailed to the defendant at the same address, 19 East Ninety-eighth street, on January 26, 1935.

In answer to the application for judgment, an attorney appears specially and files an affidavit in which he raises the novel point that the court has no jurisdiction to enter a judgment against the defendant because of the fact that the *nunc pro tunc* order was not properly served upon the defendant. The attorney appearing specially claims that the language of the statute must be construed to mean that a copy of the *nunc pro tunc* order in a case like this must be served personally on the defendant unless an order for substituted service be obtained in the regular way. The statute does not prescribe any method of service. It simply says: " The answer shall be filed within five days after service of a copy of such order with notice of entry on the defendant."

Section 21 of the Municipal Court Code provides the method of serving a summons. There is no other provision for the service of papers in the Municipal Court Code and the practice is controlled by the provisions of rule 20 of the Rules of Civil Practice. So far as is pertinent, rule 20 states: " A notice or other paper in an action (other than a summons or other process, a paper to bring a party into contempt, or where the mode of service is specially prescribed by law) may be served on a party or an attorney either by delivering it to him personally or in the manner following: 1. On a party or an attorney, through the post-office, by depositing the paper properly inclosed in a post paid wrapper, in a post-office or in any post-office box regularly maintained by the government of the United States in the city, village or town of the party or the attorney serving it, directed to the person to be served at the address within the state theretofore designated by him for that purpose; or, if such a designation has not been made, at his place of residence or the place where he keeps an office, according to the best information which can be conveniently obtained."

In this case, at the time the alleged service of the *nunc pro tunc* order was made, the defendant was not represented by any attorney, and the service, if any, must have been made on the defendant

in person " at his place of residence or the place where he keeps an office, according to the best information which can be conveniently obtained." It does not appear in this case that the copy of the *nunc pro tunc* order was served upon the defendant at his residence or at his office. It does not appear that the defendant at that time resided at 19 East Ninety-eighth street.

In the absence of any other provision, I am inclined to think that the statute requires personal service of the copy of the *nunc pro tunc* order on the defendant or an affidavit of service showing that it was mailed to him at his place of residence or at his office for the transaction of business. In lieu of such a service, it seems to me that it would be required that the plaintiff should procure an order from the court or have incorporated in the *nunc pro tunc* order a provision based upon proper facts in the affidavit permitting substituted service of the *nunc pro tunc* order. In the present case, none of these requirements have been complied with, and I am inclined to think that the defendant's five days' time to serve an answer has not yet begun to run, and the plaintiff is not entitled to his judgment.

The application is, therefore, denied, without prejudice to such further proceedings as plaintiff may be advised to take.