UNIVERSITY SOCIETY, INC., Plaintiff, *v.* LILLIAN BARSKY et al., Defendants.

Municipal Court of New York, Borough of Manhattan, March 7, 1944.

*Samuel K. Field* for plaintiff.

WHALEN, J. Plaintiff submits, *ex parte,* a proposed order, directing the Clerk to enter judgment in favor of the plaintiff. From the brief affidavit attached, it appears that the action was commenced by the personal service of the summons and complaint on the defendant Lillian Barsky; that the summons with proof of service was not filed within the statutory time;

and that, on November 1, 1943, an order was signed by a justice permitting the filing of the summons with proof of service *nunc pro tunc* as of August 9, 1943. Subdivision 4 of section 22 of the New York City Municipal Court Code (L. 1915, ch. 279; added L. 1932, ch. 427; amd. L. 1933, ch. 674) provides: " Where the summons has not been filed within three days after the service of the summons or summons and complaint, as provided herein, plaintiff may obtain an order providing for the filing of the summons *nunc pro tunc*. In such a case the answer shall be filed within five days after service of a copy of such order with notice of entry on the defendant and no judgment shall be entered against the defendant except upon application to the court *with three days' notice to the defendant*." (Italics supplied.)

The affidavit submitted, after reciting the granting of the *nunc pro tunc* order, is limited to the following: " The defendant has failed to interpose any appearance or answer. Notice of the plaintiff's intention to enter judgment was given to said defendant on November 24, 1943, and said defendant has failed to appear or communicate with your deponent in any way." No proof whatever is offered as to the service of the *nunc pro tunc* order on the defendant, which is a necessary prerequisite to the beginning of the running of the time within which the defendant may answer. Nothing is said as to how notice of plaintiff's intention to enter judgment was given to the defendant, whether by letter or otherwise. No copy of any such notice is attached to the moving affidavit.

One of the questions involved for a proper guidance of the plaintiff herein is whether or not such an application may be made *ex parte* to the court after notice has been given to defendant that unless he pays the claim of plaintiff within three days, such an application will be made at an indefinite time in the future, or whether the application should be made in the form of a notice of motion with a definite time and place fixed as a return date.

Apparently there has been no definite ruling on this question.

What is the meaning of the words " with three days' notice to the defendant "? Why did the Legislature add this requirement? If the defendant does not appear or answer within five days after service of the *nunc pro tunc* order, the defendant is in default and, ordinarily, if the claim is liquidated, plaintiff would be entitled to enter judgment without application to the court. But the Legislature has not only provided that application must be made to the court in any such case, liquidated

or unliquidated, but has also directed that three days' notice be given to the defendant. It seems to me that, in order to accomplish any purpose the Legislature had in mind, these words should be construed to mean that notice should be given to the defendant that an application will be made to the court for judgment on a particular day and hour and at a particular place, in the same way as a notice of motion is served, or an application for a warrant of seizure, so that if the defendant can show any reason why the application should not be granted, he may appear and be heard.

In *Winterroth* v. *Scharger* (128 Misc. 58) a similar amendment to section 72 of the New York City Municipal Court Code, dealing with notice of application for a warrant of seizure in an action to foreclose a lien on a chattel, was considered. The proper procedure in making such an application to the court was carefully discussed by Mr. Justice LAUER in that case. He said: '' The amendment of the law as I read it contemplates a notice similar to a notice of motion; that is, at a definite time and place.'' The reasoning in that case applies, in my opinion, to the notice to be given under subdivision 4 of section 22, so that, when an application of this character is made to the court, there should be attached an affidavit of the person who served a copy of the *nunc pro tunc* order on the defendant. As to the method of service, inasmuch as no particular method has been prescribed in the statute, rule 20 of the Rules of Civil Practice will apply. (Cf. *6 East Ninety-seventh Street Co., Inc.,* v. *Grant,* 155 Misc. 581.) There also should be submitted a copy of the notice of the application with proof of service on the defendant, and the notice should be returnable at a specific time and place, before the court, and should be called in open court at the time the calendar is called.

In my opinion, an order of this character should not be signed on an *ex parte* application to the court, and the application is, therefore, denied, without prejudice to a new application to be made to the court upon proper notice to the defendant.