B. Thomas Pantaho, J.
The summons in this case was served on the defendant on September 28, 1961. It appears to have been filed on October 3, without benefit of an order permitting late filing of the summons nunc pro tunc. The defendant has not answered or otherwise appeared.
Plaintiff moves, on notice to the defendant, for an order directing the entry of judgment.
Subdivision d of section 14 of the Nassau County District Court Act provides: “ Where the summons has not been filed within four days after the service of the summons or summons and complaint, as provided herein, plaintiff may obtain an order providing for the filing of the summons nunc pro tunc. In such a case the answer shall be filed within five days after service of a copy of such order with notice of entry on the defendant and no judgment shall be entered against the defendant except upon application to the court with three days’ notice to the defendant.” (L. 1939, ch. 274, as amd. by L. 1939, ch. 718.)
Where a summons has not been timely filed, it is a prerequisite to the entry of judgment that an order be obtained permitting the filing of the summons nunc pro tunc and that the defendant be given an opportunity to answer the complaint.
Indeed, the defendant cannot be considered to be in default until after he has been properly served with a copy of the order permitting the filing of the summons with notice of entry and failed to answer within the time fixed by section 14 of the Nassau County District Court Act. A similar provision of the Municipal Court Code of the City of New York has been so interpreted. (N. Y. City Mun. Ct. Code, § 22; 6 East Ninety-seventh St. Co. v. Grant, 155 Misc. 581; see, also, University Soc. v. Barsky, 182 Misc. 4.)
Motion denied without prejudice to such further proceedings as plaintiff may be advised to take herein, including a new application for the relief sought herein.